H. P. MAXWELL *v.* REILLY, Adm'r of Lee R. Kerr, dec'd.

STATUTE OF LIMITATIONS. *New promise.* The holder of a promissory note died, his widow presented the note to the maker before appointment of administrator, who promised that he would pay. Such a promise is not such an acknowledgment of the debt as to take it out of the operation of the statute of limitations. A promise made to a person not entitled to the paper, whether the promisor knew it or not, could in no event inure to the benefit of the party entitled, to whom no promise is made or intended to be made. A promise, to take the case out of the statute, must be made to the holder, or, if to another, such privity must be shown between the party addressed and the creditor, that what was said to the former might fairly be presumed to have been meant to reach his ear and influence his conduct.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

WEATHEREORD & ESTES for Maxwell.

J. A. TAYLOR and R. H. THARPE for Reilly.

FREEMAN, J., delivered the opinion of the court.

This suit is brought by the administrator of Kerr on a note signed by defendant, due December 31, 1870, the suit brought May 28, 1880. Reilly was appointed administrator May, 1880.

The defense is statute of limitations, and the reply is a new promise. The only proof tending to show such promise is the testimony of the widow

of Kerr, who says she called on defendant in December, 1878, and told him (Lee) her husband had given her the note, that her health was bad, and she would be glad if he would pay her something on it; that he said he could do nothing for her then. She called again in a short time, when, she says, she showed the note, and he said he owed it, and promised to pay it; asked her not to trouble him about it, as he could not pay it then, but paid her ten dollars on it.

This is all denied by defendant. The jury, however, have found the promise was made. The question is, whether this finding can be sustained, and did his Honor charge the law correctly.

His Honor charged that the promise, if made to her, might be such a new promise, or acknowledgment of the debt, as to revive it, for the promisor could not know but that she was owner and holder of the note under a will of the husband, or as part of her year's support given her by the commissioners, or that she was administratrix, and therefore properly entitled to collect it. He then says, if none of these things exist, and the jury find that the defendant made the promise to her, intending to have her communicate it to the legal representative when there should be one, then this would be sufficient to revive the debt and bind the defendant.

As to the first part of this charge, we need but say that it is not correct, as applicable to the case, because a promise made to a person not entitled to the paper—whether the promisor knew it or not—

made under the circumstances stated, could in no event inure to the benefit of the party entitled, to whom no promise is made or intended to be made. The debt could not be revived, as he has stated, on the facts on which the revivor is based by his Honor.

The correctness of the second proposition is sought to be maintained on the authority of the case of *Bachman* v. *Roller*, 9 Baxt., 414, the principle of which is, simply, that a new promise being a new contract based on the old consideration, that it must be either made to the party himself, or to some one for him. It is said *arguendo*, that the promise may be made to the stranger with the intent that it should be communicated to the creditor, which means, however, the same thing.

The principle decided in the above case is cited from 1st Smith's L. Cases, 889, that for such a promise to take the case out of the statute, the existence of such privity must be shown between the person addressed and the creditor, that what was said to the former might fairly be presumed to have been *meant* to reach his ear and influence his conduct.

Nor is it certain that the facts here shown indicate such purpose; on the contrary, it is definitely rebutted. The claim was made by the widow that she owned the note by gift from her husband, and she urged its payment on the ground of personal need pressing on her at the time. Now, to say that such a promise was intended, or could be presumed to have been intended, to reach the ears and influ-

ence the conduct of an administrator appointed nearly two years afterwards, is simply absurd. The jury were evidently misled by his Honor's charge, and the facts stated by the witness do not furnish the slightest ground on which a new promise to the administrator, who is plaintiff, can be sustained. The verdict was either the result of being misled by the charge, or of passion or prejudice on the part of the jury, with no evidence on which to sustain it, and in either event cannot be sustained. It must be reversed.